IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES MELANDO, | ) | |
| | ) | |
| Petitioner, | ) | 4:09CV3177 |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS BAKEWELL, Warden; | ) | MEMORANDUM AND ORDER |
| CHADRON COMMUNITY HOSPITAL; | ) | |
| C.A. SUTERA, M.D., | ) | |
| | ) | |
| Respondents. | ) | |

The Court has conducted an initial review of the petition for writ of habeas corpus (Filing No. 1) to determine whether the claims made by petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made one claim.

The claim asserted by petitioner is: The prosecution presented false evidence in violation of the Due Process Clause of the Fourteenth Amendment.

Liberally construed, the Court preliminarily decides that Petitioner's claim is potentially cognizable in federal court. However, the Court cautions that no determination has been made regarding the merits of the claim or any defenses thereto or whether there are procedural bars that will prevent petitioner from obtaining the relief sought.

Petitioner also seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 6.) "There is neither a

constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).  Thus, there is no need for the appointment of counsel at this time.

IT IS ORDERED:

1.  Upon initial review of the petition (Filing No. 1), the Court preliminarily determines that petitioner's claim is potentially cognizable in federal court.

2.  Petitioner's request for the appointment of counsel is denied without prejudice to reassertion.

3.  The clerk of the court is directed to mail copies of this Memorandum and Order and the petition to respondents and the Nebraska Attorney General by regular first-class mail.

4.   By November 12, 2009, respondents shall file a motion for summary judgment or state court records in support of an answer.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 12, 2009:  deadline for respondents to file state court records in support of answer or motion for summary judgment.

5.   If respondents elect to file a motion for summary judgment, the following procedures shall be followed by respondents and petitioner:

- A.   The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

- B.   The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of  State Court Records in Support of Motion for Summary Judgment."

- C.   Copies of the motion for summary judgment, the designation, including state court records, and respondents' brief shall be served upon petitioner *except* that respondents are only required to provide petitioner with a copy of the specific pages of the record which are cited in the respondents' brief.  In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the Court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

- D.   No later than 30 days following the filing of the motion for summary judgment, petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no

-3-

        other documents unless directed to do so by the Court.

    E.    No later than 30 days after the filing of petitioner's brief, respondents shall file and serve a reply brief. In the event that the respondents elect not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

    6.    If respondents elect to file an answer, the following procedures shall be followed by respondents and petitioner:

    A.    By November 12, 2009, respondents shall file <u>all</u> state court records which are relevant to the cognizable claims. *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court records, respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural

-4-

       bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and respondents' brief shall be served upon the petitioner at the time they are filed with the court *except* that respondents are only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in respondents' brief. In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of respondents' brief, petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the Court.

E. No later than 30 days after the filing of petitioner's brief, respondents shall file and serve a reply brief. In the event that respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 12, 2009: check for respondents to file answer and separate brief.

7. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 29th day of September, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court