IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

CHARLES MELANDO,                    )
                                    )
              Petitioner,           )        4:09CV3177
                                    )
         v.                         )
                                    )
DENNIS BAKEWELL, Warden;            )        MEMORANDUM OPINION
CHADRON COMMUNITY HOSPITAL;         )
C.A. SUTERA, M.D.,                  )
                                    )
              Respondents.          )
_____)

        This matter is before the Court on Charles Melando's

("Melando") petition for writ of habeas corpus ("Petition")

(Filing No. 1.)  Respondents Chadron Community Hospital and C. A.

Sutera filed a motion to dismiss (Filing No. 15).  Respondent

Dennis Bakewell ("Bakewell") filed a motion for summary judgment

(Filing No. 13) and State Court Records (Filing No. 12).

Petitioner did not respond to the motions, and the time in which

to do so has now expired.  This matter is deemed fully submitted.

        Liberally construing the allegations of Melando's

petition, he argues that the petition should be granted because:

The prosecution presented false evidence in violation of the Due

Process Clause of the Fourteenth Amendment (Filing No. 8 at

CM/ECF p. 1).

                          **BACKGROUND**

        On December 16, 2007, Melando pled guilty to possession

of cocaine and two counts of possession of a false or forged

medical order (Filing No. 12-4, Attach. 3, at CM/ECF p. 1).  He did not file a direct appeal of his conviction or a post-conviction motion (Filing No. 12-7, Attach. 6, at CM/ECF p. 1).

Melando filed this matter on August 18, 2009 (Filing No. 1).  Respondents Chadron Community Hospital and C. A. Sutera filed a motion to dismiss, arguing that they are not proper respondents to this action.  Respondent Bakewell filed a motion for summary judgment and brief in support, arguing that Melando's claim is procedurally defaulted (Filing Nos. 13 and 14).  Melando did not respond to either motion.

### *ANALYSIS*

### I.  Motion to Dismiss

Respondents Chadron Community Hospital and C. A. Sutera have argued that they are improper parties to this action, as neither of them has custody over Melando.  The Court agrees.

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Further, in habeas challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005).

Petitioner has challenged his present confinement at the Nebraska State Penitentiary under the judgment of the District Court of Dawes County, Nebraska (Filing No. 12-4, Attach. 3, at CM/ECF p. 1).  Therefore, the proper respondent to this action is his custodian, respondent Dennis Bakewell.  Further, Melando has alleged that respondents Chadron Community Hospital and C. A. Sutera are responsible for his arrest and conviction (Filing No. 1 at CM/ECF pp. 4-5).  He has not alleged that they are his custodians.  Therefore, the Court finds that respondents Chadron Community Hospital and C. A. Sutera are not proper parties to this action, and Melando's claims against them will be dismissed with prejudice.

## II.  Motion for Summary Judgment

Respondent Bakewell has alleged that Melando's claim is exhausted by procedural default and cannot form the basis of habeas corpus relief (Filing No. 14 at CM/ECF p. 2).  As set forth in 28 U.S.C. § 2254(b)(1):

> (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available

-3-

> State corrective process;
> or
>
> (ii) circumstances exist
> that render such process
> ineffective to protect
> the rights of the
> applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is
> designed to give the state courts a
> full and fair opportunity to
> resolve federal constitutional
> claims before those claims are
> presented to the federal
> courts . . . state prisoners must
> give the state courts one full
> opportunity to resolve any
> constitutional issues by invoking
> one complete round of the State's
> established appellate review
> process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.   *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

-4-

Melando has not appealed his conviction or otherwise sought relief in the courts of Nebraska to attack his conviction. Accordingly, he has not given the Nebraska appellate courts any opportunity to consider his claim, and it appears Melando still has the opportunity to do so in a post-conviction motion. Insofar as respondent Bakewell points out that Melando will be procedurally barred from raising his prosecutorial misconduct claim in a post-conviction action, the Court notes respondent's concern. However, the Court cannot make this determination based on the record before it, and must leave it to the Nebraska courts to determine whether any claim Melando raises in a post-conviction motion is procedurally barred. Accordingly, Melando's Petition will be dismissed without prejudice to reassertion after he has exhausted his state court remedies.[1]  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] The Court cautions that no determination has been made regarding the merits of Melando's claim or whether there are procedural bars that will prevent Melando from obtaining relief in a subsequent habeas corpus action.

-5-